Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement submitted prior to the hearing, as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff-employee and defendant-employer.
3. At all relevant times, the PMA Group was the carrier on the risk.
4. All parties have been correctly designated, and there is no question as to misjoinder or non-joinder of parties.
5. At all relevant times, plaintiff's average weekly wage was $445.13, yielding a compensation rate of $296.77 per week.
6. A series of medical records and reports, and various physical and diagnostic testing records as reflected in Exhibit A of the Pre-Trial Agreement, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing of this matter, plaintiff was 61 years old. Plaintiff is a high school graduate and has served in the United States Army. After his discharge from the Army, plaintiff worked for Burlington Industries for a number of years. Plaintiff worked for defendant-employer for eighteen years as a mechanic supervisor.
2. Prior to April 28, 1992, plaintiff had a number of pre-existing, non-disabling medical conditions. These conditions included pulmonary difficulties, which required medications and an inhaler, an angina condition which required medication, and a vascular condition which required surgery in 1983.
3. In 1982, plaintiff had an operation to decompress a ruptured disc. After this surgery, plaintiff continued to experience a degenerative disc condition in his lower back.
4. Notwithstanding the above-mentioned pre-existing conditions, plaintiff worked all of his adult life.
5. Plaintiff commuted from his home in South Hill, Virginia, to his job with defendant-employer in Oxford, North Carolina. This trip was approximately 52 miles, and required approximately one hour and ten minutes driving time each way.
6. On April 28, 1992, as part of his job duties with defendant-employer, plaintiff was lifting a metal warp, which is a spool for yarn. As he lifted the warp, he felt a sharp pain in his lower back and right hip. Plaintiff continued to work and did not seek immediate medical treatment.
7. As a result of the April 28, 1992 incident, plaintiff continued to experience chronic low back and right hip pain.
8. As a result of the April 28, 1992 incident, plaintiff was evaluated and treated by numerous health care providers for his low back and right hip pain. Plaintiff initially sought treatment with Dr. Ertischeck of the Oxford Clinic, who later referred plaintiff to Dr. Sukri Vanichkachorn. Plaintiff has also been seen and examined by Dr. Douglas A. Wayne, Dr. Hallett H. Matthews, Dr. Michael D. Gwinn and Dr. Kim E. Marsh.
9. As a result of plaintiff's April 28, 1992 incident, plaintiff's pre-existing degenerative disc condition was significantly aggravated such that medical care was reasonably required to effect a cure or give plaintiff relief.
10. After the April 28, 1992 incident, plaintiff had to work in light duty, part-time employment with defendant-employer. Plaintiff worked four hours a day, five days a week, with defendant-employer. Defendant-employer increased the work week for its employees from five to six days a week in the Fall of 1993.
11. Plaintiff continued to work for defendant-employer on a part-time basis. However, plaintiff continued to experience low back and right hip pain as a result of his April 28, 1992 incident.
12. Plaintiff testified that he could handle the modified job with defendant-employer, but the commute to and from his job, caused him pain in his lower back and right hip. As a result of plaintiff's pain caused by his travel, he was unable to continue to work for defendant-employer after November 19, 1993.
13. With the exception of plaintiff's unsuccessful attempt to return to work for defendant-employer, plaintiff has received compensation benefits from defendants since his initial injury of April 28, 1992, through the date of this hearing.
14. As a result of plaintiff's April 28, 1992 incident, plaintiff has been incapable of earning wages with defendant-employer or in any other employment since November 19, 1993. Plaintiff, however, receives some rental income from four mobile homes on his property. He also rents a portion of his farm land.
15. As a result of his April 28, 1992 incident, plaintiff remains incapable of earning wages in any employment; however, with continued medication and conservative treatment, plaintiff may be able to work part-time with certain restrictions in the future.
16. Subsequent to November 19, 1993, plaintiff has not attempted to seek employment, nor has any vocational rehabilitation representative presented plaintiff with any job possibilities which he could physically perform.
17. As a result of plaintiff's April 28, 1992 incident, he may require future medical treatment.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 28, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that he sustained a specific traumatic incident of the work assigned. G.S. § 97-2(6).
2. As a result of plaintiff's compensable injury of April 28, 1992, he remains temporarily totally disabled, and is entitled to compensation at the rate of $296.77 per week, from November 19, 1993, and continuing until further Order of the Industrial Commission. G.S. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury of April 28, 1992, as long as such medical examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, or lessen the period of plaintiff's disability. G.S. § 97-25.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. For his temporary total disability, defendants shall pay plaintiff compensation at the rate of $296.77 per week, from November 19, 1993, and continuing until further Order of the Industrial Commission. Amounts of temporary total disability compensation which have accrued, if any, shall be paid to plaintiff in a lump sum, subject to an attorney fee provided below.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's April 28, 1992 injury by accident.
3. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due under Paragraph 1 of this AWARD is approved. Of the accrued amount, if any, paid in a lump sum to plaintiff, defendants shall deduct twenty-five percent and forward that amount directly to plaintiff's counsel. For the balance of the attorney fee, defendants shall forward every fourth compensation check directly to plaintiff's counsel.
5. Defendants shall pay the costs due this Commission.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md